48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Edward J. REYNOLDS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3672.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
Rehearing Denied April 12, 1995.
 
 64 M.S.P.R. 221.
 AFFIRMED.
 Before RICH, MAYER, and CLEVENGER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Edward J. Reynolds (petitioner) seeks review of the April 12, 1994 Initial Decision of the Merit Systems Protection Board (Board), which became final August 30, 1994 upon refusal of the full Board to review, Docket No. AT-0752-94-0215-I-1, which affirmed the United States Postal Service's (agency) decision to remove petitioner from the position he held as a Mail Processing Equipment Mechanic, PS-06, at the General Mail Facility in Miami, Florida. We affirm.
 
 DISCUSSION
 
 2
 Petitioner was removed based on a charge of conduct unbecoming a postal employee, specifically, submitting falsified documents to justify an absence. Petitioner sought to convert four hours his supervisor had submitted as absent without leave (AWOL) to approved leave by means of falsified documents showing that he had a doctor's appointment. Petitioner was removed and appealed the removal to the Board. Following a hearing before the Administrative Judge (AJ), she affirmed the agency's removal action. After the full Board refused review, petitioner appealed to this court.
 
 
 3
 Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:
 
 
 4
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 5
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 6
 (3) unsupported by substantial evidence.
 
 
 7
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 8
 On appeal, petitioner contends that the AJ, in contravention of the Federal Rules of Evidence (FRE), failed to admit into evidence "several facts, witnesses and exhibits which were crucial" to his case. Specifically, petitioner contends that the evidence not admitted by the AJ showed that petitioner's supervisor, Rosado, was "on a crusade against" him.
 
 
 9
 Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the Board and its officials. Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988). See 5 C.F.R. Sec. 1201.41(a) and (b) (1994). Accordingly, this court will not overturn the Board on such matters unless an abuse of discretion is clear and harmful. Curtin, 846 F.2d at 1378 (citation omitted). For petitioner to prevail on these issues he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of his case. Id at 1379 (citations omitted). See 5 C.F.R. Sec. 1201.56(b)(1) (1994) and 5 U.S.C. Sec. 7701(c)(2)(A) (1988).
 
 
 10
 From our review of the record, it is clear that any erroneous evidentiary rulings by the AJ, if there were any, could not have changed the outcome of this case. Therefore, petitioner has not met his burden of proving that the AJ's evidentiary rulings were an abuse of discretion that was both clear and harmful.
 
 
 11
 Petitioner next contends that the AJ's decision was in error because she credited certain testimony of Rosado and discredited petitioner's testimony. The AJ's determinations of the credibility of witnesses are "virtually unreviewable" by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Moreover, findings that turn on credibility are upheld unless the quality and weight of the evidence are such that no reasonable trier of fact could have, on the evidence adduced, reach the conclusion that was reached. See Kumferman v. Department of the Navy, 785 F.2d 286, 290 (Fed.Cir.1986).
 
 
 12
 From the record before us, it is apparent that the AJ's credibility determinations must be upheld because the conclusions reached by the AJ were not unreasonable.
 
 
 13
 Finally, petitioner contends that he has been denied due process because he was suspended without a hearing in September, 1993. Petitioner maintains that all proceedings thereafter were null and void. However, the AJ in an Order dated February 24, 1994 correctly found that petitioner was suspended only for a period less than that required to vest jurisdiction in the Board. 5 U.S.C. Sec. 7512 (1988). The Board did not have jurisdiction to hear the above suspension. Neither does this court.